# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DALE PREACHER, | ) | |
|     Plaintiff | ) | Civil Action No. 17-18 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MICHAEL D. OVERMYER, et al., | ) | |
|     Defendants | ) | |

## MEMORANDUM OPINION

United States Magistrate Judge Susan Paradise Baxter

## I.  INTRODUCTION

### A.  Relevant Procedural and Factual History

Plaintiff John Dale Preacher, a prisoner formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI Forest"),[1] initiated this civil rights action on January 20, 2017, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on August 2, 2017, which superseded the original complaint and is the operative pleading in this case. [ECF No. 23]. The amended complaint is a sprawling 52-page document containing 231 paragraphs and multiple claims against thirty-five (35) Defendants, all of whom were employed at SCI-Forest during the relevant time periods at issue: Superintendent Michael D. Overmyer ("Overmyer"); Deputy Superintendent Derek F. Oberlander ("Oberlander"); Captain Ernesto J. Mongelluzzo ("Mongelluzzo"); Program Manager Erin Ireland ("Ireland"); Major Paul A. Ennis ("Ennis"); Captain C. Carter ("Carter"); Lieutenant Justin Davis ("Davis"); Lieutenant Douglas Dickey ("Dickey"); Chief Psychologist Bruce Simon ("Simon"); Unit Manager Matthew J. Blicha ("Blicha"); Counselor Sharon Price ("Price");

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Somerset, Pennsylvania.

Lieutenant Heffernan ("Heffernan"); Registered Nurse Kathleen Hill ("Hill"); Psychology employee Kevin C. Cowan ("Cowan"); Sergeant J.H. Culver ("Culver"); Lieutenant Richard Wonderling ("Wonderling"); Sergeant Shawn Fredrickson ("Fredrickson"); Corrections Officers B.J. Long ("Long"), B.J. Boddorf ("Boddorf"), C.J. Frey ("Frey"), Smalls ("Smalls"), Barnes ("Barnes"), R.P. Smith ("Smith"), J.D. Reddick ("Reddick"), M. Booher ("Booher"), G.W. Hiler ("Hiler"), Weiss ("Weiss"), J.E. Coleman ("Coleman"), Farcus ("Farcus"), and Termine ("Termine"); Food Service Manager Kevin Dittman ("Dittman"); Food Service Instructor L. Whisner ("Whisner"); Sergeant M. Gilara ("Gilara"); Psychiatrist Craig Hasper ("Hasper"); and Food Service Supervisor Holloway ("Holloway"). For ease of reference, all Defendants, other than Defendant Hasper, will be collectively referred to as "DOC Defendants."

In general, Plaintiff raises claims under the first, eighth, and fourteenth amendments to the United States Constitution, as well as state law tort claims of assault and battery, intentional infliction of emotional distress, and negligence.

The DOC Defendants have filed a motion to dismiss Plaintiff's amended complaint[2] [ECF No. 29]; however, the motion primarily seeks to have the amended complaint severed into multiple lawsuits or, alternatively, to have Plaintiff file a more definite statement of his claims. In particular, Defendants argue that Plaintiff has violated Federal Rule of Civil Procedure 20(a) by improperly joining Defendants in one action, even though the claims against each of them did not arise from the same transaction or occurrence. Accordingly, Defendants seek dismissal of the amended complaint, without prejudice to Plaintiff's right to file a new complaint including the claim(s) he wishes to pursue in this action, and separate civil actions for all other unrelated

---

[2] Defendants Holloway and Termine, who were added as Defendants in the amended complaint and were not served until September 29, 2017, subsequently joined in the other DOC Defendants' motion on November 2, 2017. [ECF No. 45]. Defendant Hasper has not yet filed a response to Plaintiff's amended complaint, as no response is due from him until December 27, 2017.

claims. (ECF No. 30, DOC Defendants' Brief, at p.7). Alternatively, Defendants argue that Plaintiff's amended complaint implicates or violates Federal Rules of Civil Procedure 12(e) (vague or ambiguous pleading), 10(b) (each claim arising from a separate transaction or occurrence should be stated in a separate count to promote clarity), and 8(a) (short and plain statement of the claim); thus, Defendants assert they are "unable to draft a meaningful responsive pleading," and Plaintiff should be required to file a more coherent complaint (Id. at p.9). Plaintiff has since filed a motion and brief in opposition to Defendants' motion (ECF Nos. 36, 37). This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it

4

should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Because Plaintiff is a *pro se* litigant, this court may consider facts and make inferences when appropriate.

### C. Discussion

#### 1. Motion to Dismiss or for a More Definite Statement

The DOC Defendants argue that Plaintiff "has utterly failed to meet even the relaxed standards applicable to *pro se* pleadings," as the amended complaint "contains no counts" and "Plaintiff jumps back and forth so that it is virtually impossible to identify claims or discern which defendant is involved and how." (ECF No. 30, DOC Defendants' Brief, at p. 9). The Court disagrees with Defendants' characterization of the amended complaint. In fact, the Court finds that Plaintiff has been quite detailed and organized in his account of Defendants' alleged conduct, which is presented in a chronological manner. Moreover, Defendants' complaint that Plaintiff's claims are not specifically stated in separate counts unduly emphasizes form over substance, particularly in light of Plaintiff's detailing of his claims against each Defendant in paragraphs 205-215 of the amended complaint. Indeed, despite Defendants' assertion that it is "virtually impossible to identify claims," they proceed to list eight sets of claims they have been able to discern from Plaintiff's allegations. (Id. at pp. 5-7).

### 2. Motion to Dismiss/Sever for Improper Joinder

Alternatively, the DOC Defendants contend that "there is no connection among the distinct and varied claims in the Amended Complaint" and, therefore, the complaint should be dismissed or Plaintiff should "be required to select which claim is to be pursued in this action" and pursue any other claims he wishes to assert in separate civil actions. (ECF No. 30, DOC Defendants' Brief, at p. 7). However, aside from providing a general listing of the claims they discern from the amended complaint, Defendants fail to suggest to the Court what parties and claims they believe should remain and what claims and/or parties should be severed/dismissed. Instead, Defendants have placed the burden upon the Court to either make such a determination on its own accord, or to order Plaintiff to make a third attempt at narrowing his claims, which would likely serve only to prolong the progress of this case further. The Court is not inclined to do either.

Rather, given the early stage of this proceeding, the Court is more inclined to give credence to the *pro se* Plaintiff's assertion that the parties and claims in this case are bound by a common, underlying thread of harassment and retaliation that permeates the allegations of the amended complaint. It is incumbent upon Defendants to respond accordingly.

For the foregoing reasons, Defendants' motion to dismiss [ECF No. 29] will be denied. An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 8, 2018