IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DALE PREACHER, | ) | |
| Plaintiff | ) ) ) | Case No. 1:17-cv-18 |
| vs. | ) ) ) ) | |
| MICHAEL D. OVERMYER, et al., | ) ) ) | RICHARD A. LANZILLO UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) ) ) ) ) ) | ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 111] |

Pending before the Court is Plaintiff John Dale Preacher's motion for a temporary restraining order and preliminary injunction. ECF No. 111. In his motion, Plaintiff asserts that he is being held "hostage" in the security threat group management unit ("STGMU"). ECF No. 111. He further alleges that he has experienced sexual harassment, assault, food poisoning, and general unspecified retaliation for filing lawsuits and grievances. *Id.* Additionally, he states that prison authorities refused to provide him adequate medical care/follow-ups, confiscated his legal papers, and stole money from his inmate account. *Id.* He seeks an order of Court directing prison officials to (1) remove him from the STGMU, (2) return his legal materials, (3) provide adequate medical care, and (4) stop stealing money from his account. For the reasons set forth below, the Court will deny Plaintiff's motion temporary restraining order (TRO). As to Plaintiff's motion for a preliminary injunction, the Court will direct Defendants to file a response to the motion, but before doing so, in the interests of judicial efficiency, the Court will identify in this Order which of Plaintiff's allegations may plausibly be the subject of preliminary injunctive relief, and which are not. Defendants need only respond to the former.

1

I. Legal Standard

A temporary restraining order and/or a preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit must consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

The burden of introducing evidence to support a temporary restraining order/preliminary injunction is on the moving party with respect to the first two factors. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). An absence of either of the first two factors warrants the denial of a request for preliminary injunctive relief. *Id.*; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The United States Court of Appeals for the Third Circuit has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight*, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id*. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir. 1985).

Further, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of an underlying claims on the merits, the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint. The Court of Appeals for this Circuit has recognized that there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction. *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010). "In sum, a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are unrelated to the underlying complaint." *Stewart v. Verano*, 2015 WL 1636124, at *2 (M.D. Pa. April 8. 2015).

II.  Discussion

At the outset, Plaintiff has failed to allege any grounds for a TRO. The motion states no facts to support that he faces the type of imminent or irreparable harm that could justify relief without the Defendants' opportunity to respond. Accordingly, Plaintiff's motion for a TRO is DENIED. Regarding Plaintiff's motion for preliminary injunction, the Court will analyze each ground asserted by Plaintiff.

Regarding Plaintiff's first request—that he be removed from the STGMU—his motion does not support a conclusion that Plaintiff's current housing in the STGMU constitutes irreparable harm. Plaintiff baldly asserts that his confinement in the STGMU violates procedural due process, but has provided no factual allegation in support of this assertion or stated any basis upon which the Court can identify any legally cognizable irreparable harm associated with his vague claim of a procedural due process violation. Although Plaintiff's motion includes an assertion that his life is in danger based upon his confinement in the STGMU, the only support for this claim is that an unspecified individual or individuals are placing foreign objects in his

3

food, these foreign objects are making him ill, and he is being denied proper treatment for his illness. Even if such allegations were to be factually established, the Court would be hard-pressed to order Plaintiff's transfer from the STGMU. Such internal assignments are generally within the purview and discretion of prison personnel. If the record were to demonstrate that Plaintiff is likely to succeed on the merits of these allegations, the proper equitable relief would be to order appropriate corrective action, not a transfer from the STGMU. In any case, Defendants should respond to the allegations regarding placement of foreign objects in Plaintiff's food and lack of appropriate medical care. As part of their response, Defendants should address Plaintiff's assertion that medical staff refuse to draw his blood to test for a "foreign substance," or allow him to participate in a "follow-up" with health care staff, although the Court notes that it is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F. 2d 103 (3d Cir. 1990).

Plaintiff's claim that he has been sexually harassed and assaulted while in the STGMU is based largely upon vague and conclusory allegations with little factual support. It is unclear whether Plaintiff is asserting an ongoing threat of assault or harassment or complaining of prior conduct, the remedy for which alleged past injuries is money damages. *See Instant Air Freight*, 882 F.2d at 801 (a court may not grant injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."). Nevertheless, the Court directs Defendants to respond to Plaintiff's allegations of sexual harassment and assault.

Plaintiff has stated that his legal materials and an unspecified video were confiscated and seeks their immediate return. Even if Plaintiff were to have alleged facts sufficient to support this broad allegation, the Court finds that the confiscation—a discrete event that occurred in the past—has not and cannot cause Plaintiff imminent and irreparable injury. To the extent that it

4

does, Plaintiff may pursue an access to courts claim pursuant to the First Amendment and section 1983; this, not a temporary restraining order or preliminary injunction, is the proper remedy for such an injury. Defendants need not address these allegations in their response.

Finally, regarding Plaintiff's claim that prison authorities stole money from his inmate account, the remedy for this type of wrong is clearly money damages; thus an injunction will not issue to remedy Plaintiff's injury. *See Instant Air Freight*, 882 F.2d at 801 (a court may not grant injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."). Accordingly, Plaintiff's motion is denied as to this claim and Defendants need not respond to the allegations regarding money taken from Plaintiff's inmate account.

In summary, Plaintiff's Motion for a Temporary Restraining Order [ECF No. 111] is denied. To the extent Plaintiff's Motion seeks a preliminary injunction, Defendants are ordered to file a response to the allegations and claims specified above within fourteen (14) days of the entry of this Order.

                                                      RICHARD A. LANZILLO
                                                      United States Magistrate Judge

Dated: July 15, 2019